**Mir ELEZI, Flore Elezi, Silvana Elezi, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] United States Attorney General, Respondent.**

No. 04–1208–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioners.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Robin E. Feder, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

The petitioners are natives and citizens of Albania and have filed a timely petition for review of a February 18, 2004 decision by the Board of Immigration Appeals ("BIA"). The BIA decision affirmed the August 2002 decision of an immigration judge ("IJ") denying the petitioners' application for asylum, withholding of removal, and relief pursuant to Article 3 of the Convention Against Torture. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

When the BIA issues an independent decision and does not adopt the IJ's decision, this Court reviews the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In its decision, the BIA explained that the IJ's adverse credibility finding was based upon "inconsistencies in testimony, inconsistencies between testimony and the written asylum application, lack of detail in central aspects of the respondent's claim, lack of corroboration of key events, and implausibility in regard to timing of cer-

tain events." The BIA then found that, "[w]hen considered in isolation, each of the factors identified by the [IJ], may be insufficient to support an adverse credibility finding." Although the IJ noted (a) some inconsistencies in the testimony of Mir Elezi (b) lack of details on some aspects of his claims, and (c) lack of corroboration of key events, the BIA is incorrect in stating that the IJ relied on inconsistencies "between testimony and the written asylum application." The IJ's decision makes no mention of any inconsistency between testimony and the asylum application. Indeed, the Government, in seeking to uphold the BIA decision, recharacterizes the second alleged basis for the IJ's credibility finding as "inconsistencies between the testimony and the documentary evidence," substituting "documentary evidence" for "asylum application." Brief for Respondents at 36. Furthermore, it is unclear what aspects of Elezi's testimony was deemed by the IJ to be implausible.

If an agency's decision cannot be affirmed on the grounds provided, "[t]he appropriate course of action is to grant the petition for review, vacate the decision, and remand the case, without passing on the sufficiency of [the] evidence in support of [the] application." *Tian–Yong Chen,* 359 F.3d at 129; *see also Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004) ("an agency's order must be upheld, if at all, [only] on the same basis articulated in the order by the agency itself" (internal quotation marks omitted)). Because the BIA's decision was predicated upon an erroneous reading of the IJ's decision, we are deprived of the ability to adequately review the BIA's denial of the petitioners' application for relief from removal. Upon remand, the IJ should clarify the subsidiary findings that led to an ultimate finding of lack of credibility so that the BIA can properly review the IJ's

decision, and, in the event of a renewed appeal, this Court can properly review the BIA's decision.

We have considered the petitioners' remaining claims, including their claim that the BIA applied an improper standard of review, and find them to be without merit. Accordingly, we GRANT the petition for review, VACATE the BIA's decision, and REMAND the case for further proceedings consistent with this order.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).